THE STATE ex rel. CAREL vs. NELSON, County Clerk.

*November 22 — December 12, 1882.*

*Assignment of tax certificates.*

An indorsement of the name and official character of a county clerk impressed by him upon a tax certificate by means of a *stamp*, with intent to assign such certificate, is a valid assignment thereof, under a statute (R. S., sec. 1140) which authorized the clerk to assign tax certificates "*by writing his name* in blank on the back thereof, . . . with his official character added." *Dreutzer v. Smith, post,* p. 292.

APPEAL from the Circuit Court for *Door* County.

The case is stated in the opinion.

*G. W. Allen,* for the appellant.

For the respondent there was a brief by *Timlin & Manseau,* and oral argument by *Mr. Timlin.*

TAYLOR, J. This is a proceeding by *mandamus* against the appellant to compel him to assign certain tax certificates to the relator, who claims to have purchased the same from the county, and which he alleges have not been legally assigned to him. The ground of the relator's complaint is that at the time of the purchase of the certificates they were delivered to him by the then clerk of said county, but without the indorsement of the clerk thereon as prescribed by the statute. The return to the writ admits the purchase of said certificates by the relator, and the delivery of the same to him by said county; and then alleges on information and belief that at the time said certificates were delivered to the relator, an indorsement was made on each of them by the then county clerk, which was then supposed by him and by the relator to be a valid assignment thereof.

The relator filed an answer to the return, admitting that on the purchase of said certificates they were delivered to

him by the county clerk of said county with an indorsement on the back of each in the following form: "Assigned May 20th, 1880.    A. D. Thorp, County Clerk of Door County;" and then alleging that no part of said indorsement was in the handwriting of said clerk, but that the same was put upon said certificates by said clerk with a stamp.

On the trial it was admitted: (1) That indorsed on each of said certificates are the words: "Assigned May 20, 1880. A. D. Thorp, County Clerk, Door County, Wis." (2) That all the words so indorsed on said certificates were impressed thereon by means of a stamp, except the words and figures "May 20, 1880," which are in the proper handwriting of said A. D. Thorp, who was then the county clerk of said county. (3) That the words "A. D. Thorp" are a fac-simile of the said Thorp's signature. (4) That the indorsements so made on said certificates were made by said Thorp, and were supposed and intended by him to be a valid assignment of said certificates. (5) That said supposed and intended assignment is in the form and manner adopted and used by the defendant's predecessors in said office for several years last before the defendant's entry upon the duties of said office of county clerk.

Upon this admission of facts and the admissions in the pleadings, the learned circuit judge held that the certificates had not been lawfully assigned by the county clerk to the said relator, and entered judgment directing a peremptory *mandamus* to issue, commanding the said respondent to assign said certificates to the relator. From this judgment the respondent appealed to this court.

The circuit judge erred in ordering the peremptory writ in this case. We hold that the indorsement made on said certificates at the time of their delivery to the relator by the county clerk of Door county was a sufficient assignment of them by the county to the relator. The reasons for so hold-

ing are stated in the opinion now filed in the case of *Dreutzer v. Smith, post,* and need not be repeated here.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to enter judgment dismissing the writ.